**E-FILED on**     7/5/05

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | No. C-03-05421 RMW<br><br>ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 AND ORDERING PLAINTIFFS TO PUBLISH NOTICE OF THEIR AMENDED COMPLAINT UNDER THE PSLRA<br><br>**[Re Docket No. 111]** |
| This Document Relates To:<br><br>    ALL ACTIONS. | |

    William Sullivan and Alice Cupples ("the Cupples Movants") are lead plaintiffs in *In re LeapFrog Enterprises Securities, Inc. Litigation* ("*LeapFrog*"), pending before the court. The Parnassus Fund and the Parnassus Equity Fund ("Parnassus") are lead plaintiffs in a securities class action against LeapFrog Enterprises pending in the San Francisco Division of the Northern District of California ("*Parnassus*"). The Cupples Movants seek an order relating the two cases. Parnassus opposes the motion. The parties also dispute whether, if the court relates the cases, it must re-visit the selection of a lead plaintiff under the

ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 AND ORDERING PLAINTIFFS TO PUBLISH NOTICE OF THEIR AMENDED COMPLAINT UNDER THE PSLRA—C-04-05421 RMW
DOH

Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C.A. § 78u-4(a). For the reasons set forth below, the court relates the cases and requires the Cupples Movants to republish notice for a new lead plaintiff selection process.

## I. BACKGROUND

The court heard oral argument on lead plaintiff selection in four related and consolidated class actions in *LeapFrog* on March 19, 2004. The complaints alleged that LeapFrog made misleading statements about sales and market share. Collectively, the cases alleged a class period between July 24, 2003 and February 10, 2004. While the lead plaintiff motions were under submission, LeapFrog allegedly made more false claims, causing its stock price to drop in March and October 2004. On April 6, 2005 the court named the Cupples Movants lead plaintiffs.

On April 25, 2005 Parnassus filed an action in the San Francisco Division against LeapFrog on behalf of purchasers of LeapFrog securities between February 11, 2004 and October 18, 2004. The Parnassus complaint alleges that LeapFrog falsely claimed to have remedied deficiencies with its supply chain and IT system. On June 17, 2005 the Cupples Movants filed an amended complaint that alleges a class period between July 24, 2003 and October 18, 2004. The amended complaint includes new allegations about LeapFrog's supply chain and IT system.

## II. ANALYSIS

### A. Whether the Court Should Relate the Cases

Local Rule 3-12 allows courts to relate matters where they (1) "concern substantially the same parties, property, transaction or event" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges." Here, the amended *LeapFrog* complaint completely overlaps with *Parnassus* complaint. Both name the same defendants, make similar factual allegations, and seek redress for violation of the same sections of the Securities and Exchange Act. In addition, the *LeapFrog* amended complaint's class period encompasses the *Parnassus* complaint's class period: the latter is February 11, 2004 through October 18, 2004, the former is July 24, 2003 through October 18, 2004. It would be unfair to LeapFrog to require it to defend

similar lawsuits in two Divisions of the same court at the same time. Thus, the court orders the cases related.

**B.     Whether the Court Should Revisit Lead Plaintiff Selection**

The PSLRA establishes a comprehensive scheme for selecting lead plaintiffs in securities class actions:

> (i) In general
> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class—
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.
> (ii) Multiple actions
> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i).
> (iii) Additional notices may be required under Federal rules Notice required under clause (i) shall be in addition to any notice required pursuant to the Federal Rules of Civil Procedure.

 15 U.S.C. § 78u-4(a)(3)(A)

The Cupples Movants argue that "[c]ourts have routinely rejected the notion that amending a class action complaint to extend the class period and alleging additional new facts that are *closely related* to those alleged for the original class perio[d] . . . provides a justification to revisit the lead plaintiff contest." Mot. at 4:3-5 (emphasis in original). The Cupples Movants cite *In re Rite Aid Corp. Sec. Litig.*, 1999 U.S. Dist LEXIS 19753 at *4 (E.D. Pa. 1999), *Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 12432 at *15 (N.D. Ill. 1997), *Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65, 69 (E.D. N.Y. 2000), *In re Krispy Kreme Doughnuts, Inc. Sec. Litig.*, Case No. 1:04CV00416, slip op. (M.D. N.C. 2005) and comments from oral argument in *Hevesi v. Merck & Co.*, No. 04-CV-5866 (SRC) (D. N.J. Mar. 21, 2005) for support.

However, *Rite Aid*, *Lax*, *Greenberg*, and *Krispy Kreme* stand only for the sensible proposition that minor amendments to complaints or differences between complaints in related cases do not warrant republication or revisiting the lead plaintiff contest. *See Rite Aid*, 1999 U.S. Dist. LEXIS 19753 at *4

ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 AND ORDERING PLAINTIFFS TO PUBLISH NOTICE OF THEIR AMENDED COMPLAINT UNDER THE PSLRA—C-04-05421 RMW
DOH

3

1  ("[t]he only material distinction cited by plaintiff . . . between its complaint and the complaint in the [related
2  cases] is that of the class period); *Lax*, 1997 U.S. Dist. LEXIS 12432 at *13-*14 ("the complaints were
3  based on substantially the same the same claims, despite that they alleged different class periods);
4  *Greenberg*, 80 F. Supp. 2d at 69 (merely amending a complaint to add additional defendant does not
5  require new lead plaintiff contest); *Krispy Kreme*, Case No. 1:04CV00416 at *3-*7 (refusing to sever
6  consolidated actions or to revisit the lead plaintiff contest when the operative complaint "includes the same
7  allegations regarding press releases, SEC filings, and insider transactions" as the moving party's complaint).[1]

8   Here, conversely, the Cupples Movants' amended complaint vastly expands their original
9  complaint. Indeed, the Cupples Movants' twenty-one page original complaint alleged that defendants made
10 rosy statements about LeapFrog's financial outlook when, in fact, retailers were not placing an expected
11 number of orders and the company stood to lose ground to a competitor's product. Complaint at ¶¶ 39-
12 44. The consolidated class period spanned about six months. *Id*. at ¶ 1. The Cupples Movants' one
13 hundred and thirty-five page amended complaint includes new allegations about LeapFrog's distribution and
14 supply chain and alleges a class period of fifteen months. Amended Complaint at ¶¶ 1, 44-111. Unlike the
15 amended complaints in the Cupples Movants' authority, the amended complaint here dramatically alters the
16 contours of the lawsuit.

17  *Teamsters Local 445 Freight Division Pension Fund v. Bombardier, Inc.*, 2005 WL 1322721
18 (S.D. N.Y. 2005) is on point. In that case, plaintiffs initially filed a class action defining a class of all
19 purchasers of defendant's 2000-A Certificates between January 7, 2000 and May 6, 2004. Plaintiffs then
20 amended their complaint to include purchasers of several other Certificates and enlarged the class period by

---

[1] From what the court can divine from the transcript in *Hevesi*, the issue there was whether extrinsic events subsequent to lead plaintiff selection—Merck's pulling Vioxx from the market—necessitated reconsidering who best represented the class. *Hevesi* Transcript at 14, 46-53. The party who sought to be belatedly named lead plaintiff apparently did not do so "in a timely manner." *Id*. at 50. Here, conversely, there was no way for Parnassus to move to be appointed lead plaintiff in *LeapFrog* because *Parnassus*' class period fell completely outside that of *LeapFrog*. Accordingly, the concerns of endless rounds of new lead plaintiff selection that caused the court in *Hevesi* to decline to revisit the lead plaintiff issue are not present here.

28 ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 AND ORDERING PLAINTIFFS TO PUBLISH NOTICE OF THEIR AMENDED COMPLAINT UNDER THE PSLRA—C-04-05421 RMW
DOH

about seven months. *Id*. at *1. The court held that the policy considerations undergirding the PSLRA mandated that plaintiffs re-publish notice and proceed through the lead plaintiff selection process again:

> It is entirely possible that other well-qualified lead plaintiffs would have moved had they been notified that they were potential class members. [¶] Allowing plaintiffs in this case to proceed without publishing a new notice reflecting their additional claims would potentially exclude qualified movants from the lead plaintiff selection process. Although appointment is certainly easier—and thus more efficient—when there is only one movant, it is contrary to the spirit of the PSLRA to achieve that efficiency by failing to notify potential movants of their rights. Where membership of a class is substantially expanded by the filing of an amended complaint that adds new claims, fairness dictates that those new class members ought to be informed of the existence of pending claims that may affect their rights.

*Id*. at *2-*3; *see also In re Select Comfort Corp. Sec. Litig.*, 2000 U.S. Dist. LEXIS 22697 at *22 (D. Minn. 2000) (republication necessary where lead plaintiffs amended complaint to "add new claims and new allegations"). Just as in *Teamsters*, where the court required new notice after a substantially amended complaint to ensure that the best plaintiff for the its new class period and new allegations represented the class, the new claims and new scope of the Cupples Movants' amended complaint necessitates new notice and lead plaintiff selection. The fact that Parnassus claims to be an institutional investor with losses of over $10 million, while the Cupples Movants are individuals with alleged losses of only approximately $36,000 reinforces the conclusion that Parnassus may be better-suited to represent the class under the amended *LeapFrog* complaint. Thus, the Cupples Movants must give notice of their amended complaint in accordance with the PSLRA.

ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 AND ORDERING PLAINTIFFS TO PUBLISH NOTICE OF THEIR AMENDED COMPLAINT UNDER THE PSLRA—C-04-05421 RMW
DOH

5

**III.  ORDER**

1. The court orders the *LeapFrog* and *Parnassus* cases related.

2. The Cupples Movants must republish notice in accordance with the PSLRA.

DATED:     7/5/05                              /s/ Ronald M. Whyte

                                               RONALD M. WHYTE
                                               United States District Judge

ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 AND ORDERING PLAINTIFFS TO PUBLISH NOTICE OF THEIR AMENDED COMPLAINT UNDER THE PSLRA—C-04-05421 RMW
DOH

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Patrick J. Coughlin | patc@mwbhl.com |
| Darren J. Robbins | e_file_sd@lerachlaw.com |
| Gwendolyn R. Giblin | ggiblin@gbcslaw.com |
| Marc S. Henzel | mhenzel182@aol.com |
| William S. Lerach | billl@lerachlaw.com |
| Kimberly C. Epstein | kimcor@lerachlaw.com |
| Luke O Brooks | lukeb@mwbhl.com |
| Christopher Paul Seefer | chriss@mwbhl.com |
| Solomon B. Cera | scera@gbcslaw.com |
| David Avi Rosenfeld | drosenfeld@geller-rudman.com |
| Laurence D. King | lking@kaplanfox.com |

**Counsel for Defendants:**

| | |
|---|---|
| Daniel W. Turbow | dturbow@wsgr.com |
| Kassra Powell Nassiri | knassiri@wsgr.com |

**Counsel for Movants:**

| | |
|---|---|
| Michael M. Goldberg | info@glancylaw.com |
| Darren J. Check | dcheck@sbclasslaw.com |
| Linda M. Fong | lfong@kaplanfox.com |

**Counsel for Third Party Plaintiff:**

Christopher Heffelfinger cheffelfinger@bermanesq.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/5/05                                              DOH
                                                                                **Chambers of Judge Whyte**

ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11 AND ORDERING PLAINTIFFS TO PUBLISH NOTICE OF THEIR AMENDED COMPLAINT UNDER THE PSLRA—C-04-05421 RMW
DOH