Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
**BERMAN DEVALERIO PEASE TABACCO
 BURT & PUCILLO**
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email: jtabacco@bermanesq.com

*Proposed Liaison Counsel for the Class*

Steven J. Toll
Elizabeth Berney
Matthew K. Handley
**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699
Email:  stoll@cmht.com

*Proposed Lead Counsel for the Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION )<br>)<br>)<br>)<br>)<br>)<br>This Document Relates To:                )<br>)<br>     ALL ACTIONS                                )<br>)<br>)<br> | CIVIL ACTION NO. C-03-05421-RMW<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>DATE: November 18, 2005<br>TIME: 9:00 A.M.<br>COURTROOM: Courtroom 6, 4th Floor |

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

1

The Parnassus Fund and the Parnassus Equity Income Fund (collectively, "Parnassus" or "Movants") respectfully submit this memorandum of law in support of their motion for an order (1) appointing Parnassus as Lead Plaintiffs pursuant to Section 21D(a)(3)(B) of the Securities and Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B); and (2) approving Parnassus's selection of the law firm of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. ("Cohen Milstein") as Lead Counsel, and Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as Liaison Counsel. Movants submit this Motion on the grounds that they are the "most adequate plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995, Pub. L. No. 104-67, 109 Stat. 737 ("PSLRA").

## PRELIMINARY STATEMENT

During the period between July 24, 2003 through October 18, 2004, inclusive (the "Class Period"), Movants purchased 1,270,000 shares of LeapFrog Enterprises, Inc. ("LeapFrog" or the "Company") stock at a cost of $26,432,289.76, and suffered estimated losses of $9,584,414.76 as a result of the securities law violations alleged in the consolidated complaint filed in the above-captioned action (the "Action"). See Certification of Movants, Heffelfinger Declaration[1] Exhibit B. Thus, Movants have a significant financial interest in the outcome of the case and, as institutional investors, are precisely the type of investors that should be appointed as Lead Plaintiffs here.

### The Claims Asserted

The Consolidated Complaint filed in the Action charges LeapFrog and certain of its current and former officers and directors with violations of the Securities Exchange Act of 1934. Specifically, the Consolidated Complaint alleges that the defendants misled investors by making numerous false and misleading statements about LeapFrog's current and future business results, including allegations that LeapFrog falsely claimed to have remedied deficiencies with its supply

---

[1] All exhibits are attached to the accompanying Declaration of Christopher T. Heffelfinger, dated October 3, 2005 and submitted in support of Movants' motion for appointment as lead plaintiffs (the "Heffelfinger Decl.").

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

2

chain and IT system and allegations that defendants knew that LeapFrog was losing millions of dollars in sales and profits to Mattel's competing PowerTouch product. The Consolidated Complaint further alleges that defendants' false and misleading statements caused the price of LeapFrog stock to trade at artificially inflated prices and took advantage of the artificial inflation to sell millions of their own LeapFrog shares.

On October 18, 2004, LeapFrog announced that its 2004 earnings would miss its estimates by more than 60% due, in large part, to its failure to correct the IT and supply chain problems it said it had taken steps to correct. The announcement prompted a large sell-off of LeapFrog shares, which fell 34% in a single day, to a then all-time low of $11.99. Since then, LeapFrog has also missed fourth quarter estimates by a wide margin and replaced three members of its senior management, including its Chief Financial Officer and Chief Operating Officer.

## ARGUMENT

As discussed below, Movants satisfy each of the requirements of the PSLRA and are therefore qualified for appointment as Lead Plaintiffs in this Action.  Additionally, Movants seek Court approval of their selection of Lead and Liaison Counsel for the Class.

**A.    The Procedure Required By the PSLRA for the Appointment of Lead Plaintiffs**

The PSLRA provides that within 90 days after the publication of the notice of pendency of a securities fraud class action, or as soon as practicable after the actions have been consolidated, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." PSLRA § 21D(a)(3)(B)(i), 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA also provides the following standard for determining who is the "most adequate plaintiff":

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that --

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

3

>> (aa) has either filed the complaint or made a motion in response to a notice. . . [within 60 days of publication of the notice]
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

PSLRA § 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movants are the "most adequate plaintiff[s]."

### B. Movants Have Complied with the Procedural Requirements of the PSLRA

Public notice of the filing of the Consolidated Complaint was first announced on August 2, 2005, pursuant to a July 5, 2005 Court Order (the "July 5 Order" – Docket Entry #133). The July 5 Order was prompted by the fact that the Consolidated Complaint filed on June 17, 2005 by the Lerach firm encompassed a substantially different class period and different allegations than the July 24, 2003 to February 10, 2004 class period for which this Court had previously appointed Alice Cupples and William Sullivan (the "Cupples Movants") as lead plaintiffs in an April 6, 2005 order. The new class period and allegations encompassed by the Consolidated Complaint included new allegations about LeapFrog's supply chain and IT system. Similar allegations about LeapFrog's supply chain and IT system had already been made in a different class action complaint filed on April 25, 2005 on behalf of Parnassus and other purchasers of LeapFrog securities between February 11, 2004 and October 18, 2004. In the July 5 Order, this Court found that "the new claims and new scope of the (Consolidated Complaint) necessitates new notice and lead plaintiff selection." July 5 Order, at 5. This Court further noted that "(t)he fact that Parnassus claims to be an institutional investor with losses of over $10 million, while the Cupples Movants are individuals with alleged losses of only approximately $36,000 reinforces the conclusion that Parnassus may be better-suited to represent the class under the amended LeapFrog complaint." Id.

The 60-day time period provided by the PSLRA in which applications for appointment as lead plaintiffs must be filed following the August 2, 2005 notice expires on October 3, 2005. Movants have moved within the statutory 60-day time period. The motion contains the required certification setting forth, *inter alia*, Movants' transactions in LeapFrog securities during the Class

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

4

Period, and indicates that Movants have reviewed a complaint filed in the Action and are willing to serve as a representative party on behalf of the Class. See Heffelfinger Decl., Ex. B. In addition, Movants have selected and retained competent and experienced counsel, as set forth in counsels' resumes. See Cohen Milstein and Berman DeValerio resumes at Heffelfinger Decl., Ex. C and D. As noted in the resumes, the firms have developed excellent reputations for successfully prosecuting federal securities laws claims.

### C. Movants Have the Largest Financial Interest in the Relief Sought

Movants are presumptively the most adequate plaintiff because, on information and belief, they have the largest financial interest in the relief sought by the Class of any plaintiff that has appeared as a proposed lead plaintiff. During the proposed Class Period, Movants purchased 1,270,000 shares of LeapFrog stock at a cost of $26,432,289.76. Movants' losses, as limited by the PSLRA, are estimated at approximately $9,584,414.76. See Heffelfinger Decl., Ex. B. As of this filing, Movants have not received any motion for appointment as lead plaintiff by a party who claims to have sustained greater financial losses in connection with the purchase and sale of the Company's common stock during the Class Period. Accordingly, Movants have satisfied all of the PSLRA's prerequisites for appointment as lead plaintiff pursuant to PSLRA § 21D(a)(3)(B), 15 U.S.C. § 78u–4(a)(3)(B), and should be appointed as Lead Plaintiffs pursuant to PSLRA § 21D(a)(3)(B)(iii), 15 U.S.C. § 78u-4(a)(3)(B)(iii).

### D. Movants Otherwise Satisfy the Requirements of Rule 23

In addition to satisfying the requirements set forth above, a lead plaintiff must preliminarily fulfill the requirements of Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides that a party may serve as a class representative only if the following four prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

5

1  Only two of the four prerequisites to class certification, typicality and adequacy, directly
2  address individual characteristics of class representatives. Consequently, in deciding a motion to
3  serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of
4  Rule 23(a), and defer examination of the remaining requirements until the lead plaintiffs move for
5  class certification. See Takeda v. Turbodyne Technologies, 67 F. Supp. 2d 1129, 1131-1135 (C.D.
6  Cal. 1999); In re Oxford Health Plans, Inc. Sec. Litig., 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing
7  Gluck v. CellStar Corp., 976 F. Supp. 542, 546 (N.D. Tex. 1997)). This interpretation is supported
8  by the PSLRA, which provides that the most adequate plaintiff presumption may be rebutted only
9  by proof that the plaintiff "will not fairly and adequately protect the interests of the class; or . . . is
10 subject to unique defenses that render such plaintiff incapable of adequately representing the
11 class." PSLRA § 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

12 Here, Movants purchased LeapFrog stock during the Class Period: (a) at prices alleged to
13 have been artificially inflated by the false and misleading statements issued by defendants; and
14 (b) were damaged by the alleged fraud. "Typicality … is said to require that the claims of the class
15 representatives be typical of those of the class, and to be satisfied when each class member's claim
16 arises from the same course of events, and each class member makes similar legal arguments to
17 prove the defendant's liability." Armstrong v. Davis, 275 F.3d 849, 868 (9th Cir. 2001) (internal
18 quotation omitted). Here, like Movants', each class member's claim arises from a similar course
19 of alleged misrepresentations by defendants, and all class members will require the same
20 arguments to prove defendants' liability. Movants satisfy the typicality requirement of Rule 23(a).
21 See Hanlon v. Chrylser Corp., 150 F.3d 1011, 1020 (9th Cir. 1998) ("Under the rule's permissive
22 standards, representative claims are 'typical' if they are reasonably co-extensive with those of
23 absent class members; they need not be substantially identical.").

24 Movants are also an adequate representative of the Class. "Resolution of two questions
25 determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of
26 interest with other class members and (2) will the named plaintiffs and their counsel prosecute the
27 action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020. Movants and proposed Lead
28

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF
LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

6

Counsel have no conflicts of interest with other class members. Movants have indicated that they will protect the interests of the Class, as reflected in their certifications affirming their interest in participating as representative parties in these actions. <u>See</u> Heffelfinger Decl. Ex. B; see also July 5 Order, at 5 ("Parnassus may be better-suited to represent the class under the amended *LeapFrog* complaint."). Movants have also retained counsel with considerable experience in the prosecution of class action and federal securities law claims, which will ensure the class receives vigorous representation. <u>See</u> Heffelfinger Decl., Ex. C and D.

### D. The Court Should Approve Movants' Choice of Counsel

Pursuant to PSLRA § 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v), Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, Movants have selected and retained Cohen Milstein as Lead Counsel and Berman DeValerio as Liaison Counsel. As demonstrated by Heffelfinger Declaration Exhibits C and D, Cohen Milstein and Berman DeValerio are among the preeminent plaintiffs' class action law firms, having taken leading roles in numerous important actions on behalf of defrauded investors. Accordingly, the Court should approve Movants' selection of Lead Counsel and Liaison Counsel.

### CONCLUSION

In light of the foregoing, Movants respectfully request that the Court; (i) appoint Parnassus to serve as Lead Plaintiffs in these Actions, (ii) approve Parnassus' selection of Cohen, Milstein, Hausfeld & Toll, P.L.L.C. as Lead Counsel and Berman DeValerio Pease Tabacco Burt & Pucillo as Liaison Counsel for the class, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: October 3, 2005

**BERMAN DEVALERIO PEASE
TABACCO BURT & PUCILLO**

   /s/ Christopher T. Heffelfinger
CHRISTOPHER T. HEFFELFINGER

Joseph J. Tabacco, Jr.
425 California Street, Suite 2100
San Francisco, CA 94104-2205
Telephone: (415) 433-3200
Facsimile: (415) 433-6382

**Proposed Liaison Counsel for the Class**

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL

7

**COHEN, MILSTEIN, HAUSFELD & TOLL, P.L.L.C**
Steven J. Toll
Elizabeth Berney
Matthew K. Handley
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C. 20005
Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699

**Proposed Lead Counsel for the Class**

[C-03-05421 RMW] MEMORANDUM IN SUPPORT OF MOTION FOR APPOINTMENT OF LEAD PLAINTIFFS, AND FOR APPROVAL OF SELECTION OF LEAD COUNSEL