1 | Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
2 | Nicole Lavallee (165755)
Julie J. Bai (227047)
3 | **BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**
4 | 425 California Street, Suite 2100
San Francisco, CA  94104-2205
5 | Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
6 | Email:  nlavallee@bermanesq.com

7 | *Liaison Counsel for the Class*

8 | Steven J. Toll (admitted *pro hac vice*)
Elizabeth Berney (admitted *pro hac vice*)
9 | Matthew K. Handley (admitted *pro hac vice*)
**COHEN, MILSTEIN, HAUSFELD**
10 | **& TOLL, P.L.L.C**
1100 New York Avenue, N.W.
11 | West Tower, Suite 500
Washington, D.C.  20005
12 | Telephone:  (202) 408-4600
Facsimile:  (202) 408-4699
13 | Email:  stoll@cmht.com

14 | *Lead Counsel for the Class*

*E-FILED - 5/1/08*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC., SECURITIES LITIGATION | No. C-03-05421 (RMW) And Related Cases |
| | CLASS ACTION |
| | **[] ORDER FOR NOTICE AND SETTLEMENT FAIRNESS HEARING** |
| This Document Relates to: | |
| All Actions. | Date:     N/A<br>Time:     N/A<br>(The Honorable Ronald M. Whyte) |

[C-03-05421 (RMW) [] ORDER FOR NOTICE AND SETTLEMENT FAIRNESS HEARING

1     WHEREAS, a consolidated class action is pending before this Court entitled: *In re*
2  *LeapFrog Enterprises, Inc. Securities Litigation*, C-03-05421 (RMW) (the "Action");

3     WHEREAS, the Court has received the Stipulation of Settlement dated April 18, 2008 (the
4  "Stipulation"), that has been entered into by Lead Plaintiff Parnassus Fund and the Parnassus
5  Equity Income Fund (" Lead Plaintiff") and defendants LeapFrog Enterprises, Inc. ("LeapFrog"),
6  Timothy M. Bender, James P. Curley, Thomas J. Kalinske, and Michael C. Wood (together, the
7  "Defendants") (Defendants and Lead Plaintiff are the "Parties");

8     WHEREAS, the Parties to the Action, having applied for an order determining certain
9  matters in connection with the proposed settlement of the Action (the "Settlement"), in
10 accordance with the Stipulation entered into by the Parties, and for dismissal of the Action as
11 against the Defendants upon the terms and conditions set forth in the Stipulation; and

12    WHEREAS, all defined terms contained herein shall have the same meanings as set forth
13 in the Stipulation;

14    NOW, upon consent of the Parties, after review and consideration of the Stipulation filed
15 with the Court and the exhibits annexed thereto, and after due deliberation, IT IS HEREBY
16 ORDERED that:

17    The Court, for purposes of this Order for Notice and Hearing, adopts all defined terms as
18 set forth in the Stipulation.

19    Lead Counsel is authorized to act on behalf of the Class with respect to all acts required
20 by, or which may be given pursuant to, the Stipulation or such other acts that are reasonably
21 necessary to consummate the proposed Settlement set forth in the Stipulation.

22    Lead Counsel is hereby authorized to retain the firm of Garden City Group as Claims
23 Administrator to supervise and administer the notice and claims procedures.

24    The Court preliminarily approves: the settlement of the Action as set forth in the
25 Stipulation and the proposed Plan of Allocation described in the Notice, subject to the right of any
26 Class Member to challenge the fairness, reasonableness, and adequacy of the Stipulation, the
27 proposed Plan of Allocation, or the fairness and adequacy of their representation by Lead
28 Counsel, and to show cause, if any exists, why a final judgment dismissing the Action based on

the Stipulation should not be ordered herein after due and adequate notice to the Class has been given in conformity with this Order.

A hearing (the "Settlement Fairness Hearing") shall be held on __July 18__, 2008, at _9:00_ a.m., in the United States District Court for the Northern District of California in Courtroom #6, Fourth Floor, 280 South 1st Street, San Jose, California, 95113, the Honorable Ronald M. Whyte presiding, to:

a. determine whether the Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of the Class;

b. determine whether judgment should be entered pursuant to the Stipulation, *inter alia*, dismissing the Action with prejudice and extinguishing and releasing all Settled Claims (as defined therein);

c. rule on Lead Counsel's application for an award of attorneys' fees and the reimbursement of expenses; and

d. rule on such other matters as the Court may deem appropriate.

The Court reserves the right to adjourn the Settlement Fairness Hearing, including the consideration of the application for attorneys' fees and reimbursement of expenses, without further notice of any kind to Class Members.

The Court reserves the right to approve the Settlement at or after the Settlement Fairness Hearing with such modification as may be consented to by the Parties to the Stipulation and without further notice to the Class.

The Claims Administrator shall make reasonable efforts to identify all persons and entities who are members of the Class, including beneficial owners whose shares of LeapFrog common stock are held by banks, brokerage firms, or other nominees. LeapFrog shall provide to Lead Plaintiff within five (5) calendar days of the execution of this Order the information from LeapFrog's transfer records required by the Claims Administrator to send copies of the Notice to the persons and entities who can be identified through reasonable efforts from the stock transfer records of LeapFrog.

Within thirty (30) calendar days after the entry of this Order, the Claims Administrator

1  shall cause a copy of the Notice to be mailed by United States mail, postage pre-paid, to all
2  members of the Class, at their last known address appearing in the stock transfer records
3  maintained by or on behalf of LeapFrog.  The thirtieth (30th) day after the entry of this Order
4  shall be termed the "Notice Date."

5  Pursuant to the Notice, each nominee shall either: send the Notice and Proof of Claim to
6  Class Members for which they act as nominee by first class mail within ten (10) calendar days
7  after the nominee receives the Notice; or send a list of the names and addresses of such beneficial
8  owners to the Claims Administrator within ten (10) calendar days after the nominee receives the
9  Notice and, in the event of the latter, the Claims Administrator shall send by first class mail the
10 Notice and Proof of Claim to all Class Members who are on the list received from the nominee.
11 The Claims Administrator shall, if requested, reimburse banks, brokerage houses, or other
12 nominees for their reasonable out-of-pocket expenses incurred in providing notice to beneficial
13 owners who are Class Members, which expenses would not have been incurred except for the
14 sending of such notice, subject to further order of this Court with respect to any dispute
15 concerning such compensation.  Lead Counsel shall file with the Court and serve upon
16 Defendants' Counsel no later than seven (7) calendar days prior to the Settlement Fairness
17 Hearing an affidavit or declaration describing the efforts taken to comply with this Order and
18 stating that the mailings have been completed in accordance with the terms of this Order.

19 Within ten (10) calendar days of the Notice Date, Lead Counsel shall publish a Summary
20 Notice, substantially in the form of Exhibit A(3) to the Stipulation, once in the *Investor's Business*
21 *Daily*.  Lead Counsel shall file with the Court and serve upon Defendants' Counsel no later than
22 seven (7) calendar days prior to the Settlement Fairness Hearing an affidavit or declaration stating
23 that the Summary Notice has been published in accordance with the terms of this Order.

24 The form and method of notice specified herein is the best notice practicable and shall
25 constitute due and sufficient notice to all persons and entities entitled to receive such notice and
26 fully satisfies the requirements of due process and of FED. R. CIV. P. 23.

27 Any member of the Class who objects to the Settlement, the representation of the Class by
28 Lead Counsel, and/or the application for attorneys' fees and reimbursement of expenses, or who

1  otherwise wishes to be heard, may appear in person or by his, her, or its attorney at the Settlement
2  Fairness Hearing and present evidence or argument that may be proper or relevant; provided,
3  however, that no person other than the Parties and their counsel shall be heard, and no papers,
4  briefs, pleadings, or other documents submitted by any person or entity shall be considered by the
5  Court unless not later than fourteen (14) calendar days before the Settlement Fairness Hearing
6  such person or entity files with the Court and serves upon counsel listed below:  (a) a written
7  notice of intention to appear; (b) a statement of such person's or entity's objection(s) to any
8  matters before the Court; (c) the grounds therefor or the reasons that such person or entity desires
9  to appear and be heard, as well as all documents or writings such person or entity desires the
10 Court to consider; and (d) documents evidencing that such person is a Class Member.  Such
11 filings shall be served upon the Court and the following counsel:

**Lead Counsel for Lead Plaintiff and the Class:**

Steven J. Toll
Matthew K. Handley
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W.
West Tower, Suite 500
Washington, D.C.  20005

**Counsel for Defendants:**

Leo P. Cunningham,
Boris Feldman
Daniel W. Turbow
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050

21  Any person or entity falling within the definition of the Class may, upon request, be
22 excluded from the Settlement.  Any such person or entity must submit to the Claims
23 Administrator a request for exclusion ("Request for Exclusion").  A Request for Exclusion must
24 be postmarked or received by the Claims Administrator no later than fourteen (14) calendar days
25 before the Settlement Fairness Hearing and state:  (i) the name, address, and telephone number of
26 the person or entity requesting exclusion; (ii) the person's or entity's purchases, acquisitions and
27 sales of LeapFrog Class A common stock or options made during the Class Period, including the
28 dates, the number of shares of Class A common stock or options, and price paid or received per

share for each such purchase, acquisition or sale; and (iii) that the person or entity wishes to be excluded from the Class. All persons and entities who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation and shall not share in the distribution of the Settlement.

Any Class Member who wishes to participate in the Settlement Fund must submit a valid Proof of Claim to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than one hundred and twenty (120) calendar days following the Notice Date. Such deadline may be further extended by Court order. Proofs of Claim shall be deemed to have been submitted when postmarked, if mailed by first class, or registered or certified mail, postage prepaid, addressed in accordance with the instructions given in the Proof of Claim. All other Proofs of Claim shall be deemed to have been submitted at the time they are actually received by the Claims Administrator. To be valid, a Proof of Claim must: (i) be completed in a manner that permits the Claims Administrator to determine the eligibility of the claim as set forth in the Proof of Claim; (ii) include the release by the claimant of all Released Parties as set forth in the Stipulation; and (iii) be signed with an affirmation that the information is true and correct. All Class Members who do not submit valid and timely Proofs of Claim shall be forever barred from receiving any payments from the Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

If this Settlement is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement (including any modification thereof) made with the consent of the Parties as provided for in the Stipulation and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become void and of no further force and effect except for the Lead Plaintiff's obligations to pay for any expense incurred in connection with the notice and administration provided for by this Order.

All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court. Pending final determination whether the Settlement should be approved,

1  Lead Plaintiff and all members of the Class are barred and enjoined from commencing or
2  prosecuting any action asserting any claims that are or relate in any way to the Settled Claims as
3  defined in the Stipulation.

4  Neither the Stipulation nor any provisions contained in the Stipulation, nor any
5  negotiations, statements, or proceedings in connection therewith, nor any action undertaken
6  pursuant thereto shall be construed as, or deemed to be evidence of, an admission or concession
7  on the part of the Lead Plaintiff, the Defendants, any member of the Class, or any other person or
8  entity, of any liability or wrongdoing by them, or any of them, and shall not be offered or received
9  in evidence in any action or proceeding (except an action to enforce the Stipulation and settlement
10 contemplated hereby), or be used in any way as an admission, concession, or evidence of any
11 liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of,
12 an admission or concession that Lead Plaintiff, any member of the Class, any present or former
13 stockholder of LeapFrog, or any other person or entity, has or has not suffered any damage.

14 Any submission to the Court in support of approval of the Settlement or the Plan of
15 Allocation, or in support of Lead Counsel's application for an award of attorneys' fees and
16 reimbursement of expenses, shall do so by seven (7) calendar days before the date scheduled for
17 the Settlement Fairness Hearing.

18 The Court authorizes payment out of the Settlement Fund of the expenses described in ¶ 7
19 of the Stipulation.

20 The passage of title and ownership of the Settlement Fund to the Escrow Agent in
21 accordance with the terms of the Stipulation is approved. No person or entity that is not a Class
22 Member or counsel for the Lead Plaintiff shall have any right to any portion of, or in the
23 distribution of, the Settlement Fund unless otherwise ordered by the Court or otherwise provided
24 in the Stipulation.

25 / / /
26 / / /
27 / / /
28 / / /

[C-03-05421 (RMW) [] ORDER FOR NOTICE AND SETTLEMENT
FAIRNESS HEARING                                                                           6

1  The Court may, for good cause, extend any of the deadlines set forth in this Order without
2  further notice to Class Members.
3  Dated: 4/29/08

*Ronald M. Whyte*

**THE HONORABLE RONALD M. WHYTE**
**UNITED STATES DISTRICT JUDGE**