E-FILED on    7/14/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | No. C-03-05421 RMW<br><br>MEMORANDUM REGARDING SETTLEMENT APPROVAL PROCEDURES AND TENTATIVE SCHEDULE FOR FINAL APPROVAL<br><br>**[Re Docket Nos. 276, 279]** |

Managing complex civil litigation occasionally requires the court to issue a memorandum. *See, e.g., DeLaventura v. Columbia Acorn Trust*, 417 F. Supp. 2d 147 (D. Mass. 2006) (Young, J.). In this consolidated class action litigation, the court has scheduled a fairness hearing for Friday, July 18. The court wishes to hold a productive hearing to advance the settlement of these cases, and therefore benefit the class. Accordingly, the court issues the following memorandum to inform the parties of the court's current thinking regarding the settlement process.

## I. PROCEDURAL HISTORY

### A. Procedural History Prior to Settlement

The first of these four consolidated cases was filed on December 2, 2003. *See* C-05-05421-

MEMORANDUM REGARDING SETTLEMENT APPROVAL PROCEDURES AND TENTATIVE SCHEDULE FOR FINAL APPROVAL
No. C-03-05421 RMW
TSF

RMW, Docket No. 1 (N.D. Cal. Dec. 2, 2003). The court held a hearing to select a lead plaintiff, lead counsel, and to decide whether to consolidate the various actions. *See* Docket No. 79 (Mar. 19, 2004). Complications ensued, and the court ended up appointing a different lead plaintiff and lead counsel than it intended at the initial hearing. *See* Docket No. 106 (Mar. 31, 2005). Additional jockeying for lead plaintiff and lead counsel status followed, delaying the litigation. *See* Docket No. 141 (July 27, 2005). Nevertheless, by the end of 2005, the court had selected the Parnasus Funds as lead plaintiff and approved their counsel (the then-Lerach firm) as lead counsel. *See In re Leapfrog Enterprises, Inc. Sec. Litig.*, 2005 WL 3801587 (N.D. Cal. Nov. 23, 2005). The Parnasus Funds then filed an amended, consolidated class action complaint on January 27, 2006. *See* Docket No. 191.

The defendants promptly moved to dismiss. *See* Docket Nos. 194, 195 (Mar. 27, 2006). The court granted the motions to dismiss. *In re Leapfrog Enterprises, Inc. Sec. Litig.*, 2006 WL 2192116 (N.D. Cal. Aug. 1, 2006). The Paransus Funds amended their complaint, the defendants moved to dismiss, and the court again granted the motions. *In re Leapfrog Enterprises, Inc. Sec. Litig.*, 527 F. Supp. 2d 1033 (N.D. Cal. Sept. 30, 2007). The Parnasus Funds filed a Third Amended Consolidated Complaint on November 21, 2007. *See* Docket No. 267.

### B. The Settlement Filings

The parties then apparently reached a settlement and sought preliminary approval. *See* Docket No. 274 (Apr. 18, 2008). After reviewing the terms, the proposed notice form, and the other pertinent details, the court granted preliminary approval and scheduled a fairness hearing for July 18, 2008. *See* Docket No. 276 (May 1, 2008). The court did not hold a preliminary approval hearing.

Since the date of preliminary approval, one objector, Natasha L. Engan, has raised concerns regarding the preliminary approval order. *See* Docket No. 279 (July 3, 2008).[1] Because the court finds some merit in Ms. Engan's concerns, it issues this memorandum.

---

[1] On July 11, the court received a letter from Mr. John M. Livengood objecting to the settlement and questioning the value received by the class. Mr. Livengood's objection does not, however, relate to the settlement approval procedure, which is the sole focus of this memorandum.

MEMORANDUM REGARDING SETTLEMENT APPROVAL PROCEDURES AND TENTATIVE SCHEDULE FOR FINAL APPROVAL
No. C-03-05421 RMW
TSF                              2

## II. THE COURT'S THOUGHTS

### A. The Lack of a Preliminary Hearing

The preliminary approval does not appear to require a hearing since all class members are notified given the opportunity to be heard prior to final approval. To be sure, holding a preliminary hearing is probably the better practice. FEDERAL JUDICIAL CENTER, MANUAL FOR COMPLEX LITIGATION FOURTH § 21.632 (2004); *Armstrong v. Board of School Directors of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998). However, the Second and Seventh Circuits have concluded that a preliminary hearing is not required. *Armstrong*, 616 F.2d at 314 & fn. 13; *In re Agent Orange Product Liability Litig. MDL No. 381*, 818 F.2d 145, 169-70 (2d Cir. 1987). The Ninth Circuit has not expressly decided whether a hearing must be held before preliminary approval of a class settlement, but there is no reason to believe the Ninth Circuit would reject the reasoning of the Second and Seventh Circuits.

The court does note that in *In re Syncor ERISA Litigation*, 516 F.3d 1095 (9th Cir. 2008) the Ninth Circuit held that a district court abused its discretion by refusing a request for a preliminary hearing where the court instead issued a summary judgment ruling it had just completed. 516 F.3d at 1101-02. The decision does not turn on whether or not a court must hold a preliminary hearing, however. It stands for the principle that a court cannot ignore a request to address the fairness of a class action settlement and dispose of the case on the merits instead. *Id.* Simply put, *Syncor ERISA Litigation* holds that a court must consider a proposed class action settlement. It does not prescribe *how* a court must consider a proposed settlement.

### B. The Process for Filing Objections

The court's Order for Notice and Settlement Fairness Hearing lays out a procedure for objecting to the settlement. *See* Docket No. 276, 3:27-4:20. In sum, the court stated that "no person other than the Parties and their counsel shall be heard, and no papers, briefs, pleadings, or other documents submitted by any person or entity shall be considered by the Court unless" the objector filed a "notice of intention to appear," a statement of the objection, the basis for the objection, and

1  proof that the objector is a class member.  The order required objectors to serve all of these

2  documents on the court and on plaintiff's and defense counsel 14 days before the settlement hearing.

3  Notwithstanding this 14 day deadline, the order allowed counsel to file documents in support of the

4  settlement and an application for attorney's fees only 7 days prior to the hearing.

5       Ms. Engan argues that this briefing schedule violates the plaintiff class's due process rights.

6  Ms. Engan points to the Ninth Circuit's discussion regarding procedures for objections in a recent

7  case vacating a class action settlement.  *In re Veritas Software Corp. Sec. Litig.,* 496 F.3d 962, 972

8  (9th Cir. 2007).  "While the district court has substantial discretion in approving the details of a class

9  action settlement, it may not do so without giving class members an adequate opportunity to object."

10  *Id.*  The Ninth Circuit vacated the settlement because the court's preliminary approval order

11  provided for inadequate notice.  *Id.*  In dismissing the significance of the fact the only one person

12  objected, the court noted that because "the notice was inadequate and overstated the likely recovery

13  per share, it may have discouraged other objectors from speaking up."  *Id.*

14       The court finds some merit in Ms. Engan's objections.  An objector should not have to object

15  to specifics, e.g., the amount of attorney's fees, prior to seeing how those fees are computed and

16  supported.

17       The plaintiffs' recent filing in support of the settlement points to a Southern District of New

18  York opinion overruling objections to a procedure similar to that used in the preliminary approval

19  order.  *In re Bisys Sec. Litig.*, 2007 WL 2049726, *1 (S.D.N.Y. Jul. 16, 2007).  The three authorities

20  it cites for the proposition that this procedure is not "unusual" refer to the wording of the notice to

21  class members regarding the amount of attorney's fees that will be requested.  Those authorities do

22  not specifically endorse the procedure of requiring objectors to file their objections prior to the

23  plaintiffs filing their settlement papers.  In addition to *Bisys*, the plaintiffs cite to, among other

24  things, a recent preliminary approval order of this court creating the same procedure for handling

25  objections to suggest that this procedure is common.  *See In re ESS Tech., Inc. Sec. Litig.*,

26  C-02-4497-RMW, Docket No. 249 ¶ 10 (N.D. Cal. May 8, 2007).However, whether common or not,

27  the court has some concern that the procedure previously followed may not adequately protect the

28

MEMORANDUM REGARDING SETTLEMENT APPROVAL PROCEDURES AND TENTATIVE SCHEDULE FOR FINAL APPROVAL
No. C-03-05421 RMW
TSF     4

1  interests of the class.

2      **C.**    **Tentative Schedule for Final Approval**

3  The deadline to which Ms. Engan objects impairs her ability to meaningfully critique the
attorney's fees requested by class counsel.  It does not, however, impact her ability to object to the
terms of the settlement.  As of now, the court has received no objections regarding the fairness of the
settlement and is not inclined to vacate the settlement approval hearing.  The court does not intend,
however, to rule on the plaintiffs' counsel's motion for attorney's fees at the July 18 hearing and will
instead set a later hearing date to permit Ms. Engan, and any other objectors, a reasonable
opportunity to be heard regarding the fee request.  The court intends to set the briefing schedule at
the final approval hearing, at which any objections to the fee request will be considered before final
approval of the settlement including fees and costs.

DATED:  7/14/2008

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

MEMORANDUM REGARDING SETTLEMENT APPROVAL PROCEDURES AND TENTATIVE SCHEDULE FOR FINAL APPROVAL
No. C-03-05421 RMW
TSF     5

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Michael M. Goldberg | info@glancylaw.com |
| Laurence D. King | lking@kaplanfox.com |
| Linda M. Fong | lfong@kaplanfox.com |
| Patrick J. Coughlin | patc@mwbhl.com |
| Darren J. Robbins | drobbins@mwbhl.com |
| William S. Lerach | billl@mwbhl.com |
| Kimberly C. Epstein | kimcor@mwbhl.com |
| Luke O. Brooks | lukeb@mwbhl.com |
| Nicole Catherine Lavallee | nlavallee@bermanesq.com |
| Julie Juhyun Bai | jbai@bermanesq.com |
| Solomon B. Cera | scera@gbcslaw.com |
| Gwendolyn R. Giblin | ggiblin@gbcslaw.com |
| Matthew K. Handley | mhandley@cmht.com |
| Christopher T. Heffelfinger | cheffelfinger@bermanesq.com |
| David Avi Rosenfeld, Esq | drosenfeld@geller-rudman.com |
| Samuel H. Rudman | srudman@csgrr.com |
| Christopher Paul Seefer | chriss@csgrr.com |

**Counsel for Defendant:**

| | |
|---|---|
| Daniel W. Turbow | dturbow@wsgr.com |
| Kassra Powell Nassiri | knassiri@wsgr.com |
| Leo Patrick Cunningham | lcunningham@wsgr.com |
| Joni L. Ostler | jostler@wsgr.com |

**Counsel for Ms. Engan:**

| | |
|---|---|
| John Vincent Komar | jkomar@business-litigation-associates.com |
| Irwin Bennet Schwartz | ischwartz@business-litigation-associates.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   7/14/08

TSF
**Chambers of Judge Whyte**

MEMORANDUM REGARDING SETTLEMENT APPROVAL PROCEDURES AND TENTATIVE SCHEDULE FOR FINAL APPROVAL
No. C-03-05421 RMW
TSF                                                          6