Irwin B. Schwartz (SBN 141140)
John V. Komar (SBN 169662)
Business Litigation Associates, P.C.
2033 Gateway Place, Suite 500
San Jose, California 95110
Telephone: 408-947-9099
Facsimile:  408-947-9001

Attorneys for Objectors Natasha L. Engan and
National Automatic Sprinkler Industry Pension Fund

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC., SECURITIES LITIGATION | No.: C-03-05421 (RMW) And Related Cases |
| | **CLASS ACTION** |
| | **NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES PURSUANT TO FED. R. CIV. P. 54(d)(2)** |
| This Document Relates to: All Actions | DATE: November 21, 2008 TIME: 9:00 A.M. JUDGE: The Hon. Ronald M. Whyte PLACE: Courtroom 6, 4th Floor |

## TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT on November 21, 2008, at 9:00 a.m. in Courtroom 6 of the above entitled Court, the law firm of Business Litigation Associates, P.C. ("BLAPC"), attorneys for objecting class members Natasha L. Engan and National Automatic Sprinkler Industry Pension Fund, will move the Court for an award of attorneys' fees and reimbursement of expenses.

BLAPC seeks its attorneys' fees and expenses incurred in making successful objections to the application of lead class counsel for an award of attorneys' fees and reimbursement of expenses.

## MEMORANDUM OF POINTS AND AUTHORITIES

Business Litigation Associates, P.C. ("BLAPC"), attorneys for objectors Natasha L. Engan ("Engan") and the National Automatic Sprinkler Industry Pension Fund ("NASI"), respectfully moves the Court for an award of fair and reasonable attorneys' fees and costs in connection with Engan's and NASI's objections to the application of lead class counsel ("Class Counsel") for attorneys fees (the "Application").

<u>Introduction</u>

Once a class action settles, the defendant corporation invariably agrees to cooperate during the approval process, and class plaintiffs' counsel engage in self-interested attempts to maximize their recovery of fees and costs at the expense of the settlement fund.  Likewise, the stock "unopposed" proposed fairness hearing scheduling order (as advanced by class counsel here) that requires un-named class members to object prior to fee application's filing is designed to prevent meaningful adversarial scrutiny of class counsel's fee application.  Absent at least a right to review the fee application and meaningfully object under Fed. R. Civ. P. 23(h), the Federal judiciary is left as the *only* bulwark against abusive fee requests.

The July 14, 2008 Procedural Order in this case (Docket No. 286) is a first step in empowering un-named class members to submit meaningful objections to fee applications to aid in the Court's fairness evaluation.  Engan and NASI now ask the Court to take the second step to address the economic reality of such meaningful objections:  given the relatively paltry recovery per share obtained by class counsel in this case (and many settlements), the potential savings to

the common fund does not justify the objectors attorneys' fees and costs associated with a meaningful objection.  Indeed, the only basis by which Engan and NASI retained counsel in this case is upon the agreement that counsel would look solely to the Court for compensation for benefitting the class.   In other words, absent an economic model that compensates un-named class members for their reasonable attorneys fees and costs in presenting substantive and thoughtful objections, the very right  recognized by the July 14, 2008 Procedural Order will result in negligible objector participation in the adversary process.

Accordingly, Engan and NASI respectfully request that the Court award them attorneys' fees and costs commensurate with their counsel's efforts, even though there was ultimately a relatively modest financial benefit to the common settlement fund.  Indeed, while there is precedent for an award based on procedural benefit alone, a fee award is particularly significant given it will not only compensate Engan and NASI for the benefits obtained here, it will encourage class-members to more fully participate in class action settlements as was envisioned under the PSLRA.

<u>Factual Background</u>

The first of the four consolidated matters comprising this action was filed on December 2, 2003.  Lead class counsel was appointed in December, 2005 and filed an amended consolidated class action complaint in January 2006.  The Court granted a motion to dismiss on August 1, 2006 and dismissed the second amended consolidated complaint on September 30, 2007.  After the third amended consolidated complaint was filed on November 21, 2007, the parties agreed to a $2.3 million settlement on April 18, 2008 amounting to a recovery to the class of less than one percent of the claimed damages.

On May 1, 2008, the Court issued an Order for Notice and Settlement Fairness Hearing

("Order for Notice"), preliminarily approving the settlement and scheduling a fairness hearing for July 18, 2008.  (Docket No. 276).  Within the Order for Notice, the Court required filing of any objection to the settlement, including objections to the request for attorneys fees, by no later than 14 days before the fairness hearing.  Id.  However, the Order for Notice permitted Class Counsel to file its attorneys' fees application only seven days before the hearing.  Id.

On July 3, 2008, Engan filed an Objection on the basis, inter alia, that the Order for Notice violated the plaintiff class's due process rights because it required objections to the attorneys' fees application before that application was filed ("Fairness Objection").  (Docket No. 279).  Class Counsel responded to the Fairness Objection by arguing that the notice of settlement, which contained only a general reference that Class Counsel would seek a fee of up to 20 percent of the settlement amount, sufficed to alleviate any due process concerns.  (Docket No. 283 (Application) at 13:2-17:1).

On July 14, 2008, the Court issued a Procedural Order in effect agreeing with the Fairness Objection and rejecting Class Counsel's purported justification.  (Docket No. 286).  Indeed, the Court agreed with Engan that "[a]n objector should not have to object to specifics, e.g., the amount of attorney's fees, prior to seeing how those fees are computed and supported." (Id. at 4:14-16).   Accordingly, the Court stated that, at the Fairness Hearing, it would set a separate briefing schedule on Class Counsel's Application and provide the class with time to object.  (Id. at 5:3-11).

The Fairness Hearing proceeded on July 18, 2008 but, consistent with its intent as stated in the Procedural Order, the Court did not decide the attorneys' fees issue.  On July 25, 2008, the Court set a briefing schedule on Class Counsel's fee request, providing that any objection to the Application should be filed on August 8, 2008 and that Class Counsel would have the

opportunity to file a response to the objection on August 15, 2008.   (Docket No. 289).  As set forth in the declaration of Irwin B. Schwartz, submitted herewith, Engan incurred $14,582.08 in attorneys' fees and $46.94 in costs in connection with the Fairness Objection and appearing at the Fairness Hearing (Declaration of Irwin B. Schwartz In Support Of Motion For Award Of Attorneys Fees And Costs Pursuant To Fed. R. Civ. P. 54(d)(2) ("Schwartz Decl.") ¶ 6).

On August 8, 2008, Engan and NASI filed a second objection to the fee request ("Fee Objection"). (Docket No. 293).  The Fee Objection noted the absence of supporting detail for Class Counsel's fee request, which is required under Local Rule 54-6(b)(2), the absence of support for the claimed hourly rates, and the absence of detail supporting the claimed costs. (Docket No. 293).  Class Counsel's response to the Engan/NASI objection purported to submit additional detail about its billings, which was nothing more than a high level breakdown of its claimed fees.  (Docket Nos. 295 and 296).  At the hearing on the Application on September 19, 2008 the Court appeared to generally agree with Engan/NASI's concerns and noted from the bench that the hours claimed by Class Counsel in preparing for and attending the oral argument were excessive and inflated, as were the hours claimed for preparation of the amended complaints.  The minute order indicates the Court was "disturbed by the inflated lodestar calculation." (Docket No. 304).   Nevertheless, the Court indicated it was likely to approve the percentage of fund requested.

On September 29, 2008, the Court issued an Order on the Application that agreed with many of the Engan/NASI objections.  Indeed, the Court found a "non-exhaustive" review of the fee application revealed that the claimed "lodestar is inflated".  (Docket 305 at 8:24-25).  The Court noted that the fee application did not "reveal what the attorneys *did* to justify the large number of hours they billed," making it "impossible for the Court to gauge the reasonableness of

the figures submitted." (Docket No. 305 at 8:26-9:1 (emphasis in original)).  The Court also found that Class Counsel's supplemental submissions provided only "vague categories" of work performed and noted that it was "difficult to imagine" what Class Counsel did to justify the claimed hours for the opposition to the second motion to dismiss, which "addressed the same issues as the first [motion to dismiss] opposition."  (Docket No. 305 at 9:4-12).  The Court further found that Class Counsel has "substantially padded" the claimed hours relating to the preparation and attendance at oral argument.  (Id. at 9:13-20).  And, the Court also agreed with Engan/NASI's objection that Class Counsel's claimed rates were "not reasonable," noting that nothing in the Class Counsel's submission justified a paralegal billing rate "68% above the market rate." (Id. at 9:21-10:1).

Though the Court "sympathized" with Engan/NASI's objections, the Court nevertheless granted the Class Counsel's 20 percent fee request because, even if the claimed fees and rate charged were slashed, the multiplier would not significantly exceed 1. (Docket Nos. 305 at 10:2-11).  The Court, nevertheless, reduced the requested fee by $16,468.65 by calculating fees from the settlement fund net of expenses rather than the requested calculation from the $2.3 million gross settlement fund.  (Docket No. 305).  Engan and NASI incurred $17, 996.35 in attorneys fees and $676.04 in costs in preparing the Fee Objection, appearing at the September 19th 2008 hearing and preparing this fee application. (Schwartz Decl. ¶ 8).

<u>ARGUMENT</u>

A.   <u>Objectors That Benefit The Class Should Be Awarded Reasonable Fees</u>

Objectors who benefit a class as part of settlement approval are entitled to reasonable attorneys' fees and expenses.  <u>In re Riverstone Networks, Inc.</u>, 256 F. App'x 168 (9th Cir. 2007) (objector entitled to fee that is "reasonable under the circumstances."); <u>Gottlieb v. Barry</u>, 43 F.3d

474, 489 (10th Cir. 1994) (reversing district court's denial of special master's recommendation to award fees to objector counsel); <u>In re Cendant Prides Corp. Litig.</u>, 243 F.3d 722, 743-44 (3d Cir. 2001) (objectors are entitled to attorneys' fees where settlement improved due to their efforts); <u>Fisher v. Procter & Gamble Mfg. Co.</u>, 613 F.2d 527, 547 (5th Cir. 1980) (awarding fees to objector class members because they "performed a valuable service for the class of which they were a part.").

This is true even when the only benefit conferred is procedural. <u>See</u> <u>e.g.</u>, <u>In re Homestore.com, Inc. Sec. Litig.</u>, Civ. No. CV01-1111-RSWL(CSX), 2004 WL 2792185, *1 (C.D. Cal. Aug. 10, 2004)(objector awarded actual fees for raising serious questions regarding notice upon which the court found a substantial portion of the class would not have received timely notice of the class action settlement); <u>see also</u> <u>Duhaime v. John Hancock Mutual Life Ins. Co.</u>, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (awarding fees to objectors where parties adopted their objections on the content of the notice and court adopted their objection regarding payments to class counsel).  Even rejected objections, when presented in a principled and professional way, may be the proper basis for a fee award:

> The objections raised, although ultimately overruled, were not frivolous, and the presence of an objector represented by competent counsel transformed the settlement hearing into a truly adversary proceeding. The objections to the settlement caused this Court to spend even more hours in analyzing and assessing the complex settlement agreement, and cast in sharp focus the question of the fairness and adequacy of the settlement to all the members of the class.

<u>Frankenstein v. McCrory Corp.</u>, 425 F. Supp. 762, 767 (S.D.N.Y. 1977) (awarding objector attorneys' fees for, *inter alia*,  turning the "settlement hearing into a truly adversary proceeding").

Indeed, such fee awards encourage class members to participate in the fairness proceedings where, in the ordinary course, the process is usually devoid of "the checks and

balances of the adversary system." <u>In re Chiron Corp. Sec. Litig.</u>, 2007 WL 4249902, *4 (N.D. Cal. Nov. 30, 2007) ("Common fund cases create a situation in which normal reliance on the adversary process to police the appropriateness of a fee award is unavailing").  Given the PSLRA's notice and objection process, class members should be encouraged to exercise their rights to object.  <u>In re Veritas Software Sec. Litig.</u>, 496 F.3d 962, 970 (9th Cir. 2007) (Congress' intent in enacting PSLRA was to ensure class members has sufficient comprehensible notice so they could evaluate proposed settlement intelligently).

There can be no dispute that Engan conferred a procedural benefit on the Leapfrog class. First, as a direct result of Engan's Fairness Objection, the Court modified its Order for Notice to preserve procedural due process under Rule 23(h) for the class, permitting all class members the opportunity to review and object to Class Counsel's fee application.  Indeed, NASI, a class member that had not appeared in the matter prior to the Fairness Objection, availed itself of this opportunity.  This, alone, justifies a fee award.  <u>In re Homestore.com, Inc. Sec. Litig.</u>, 2004 WL 2792185 at *1.

Thereafter, in accordance with the revised briefing schedule, Engan and NASI filed the Fee Objection, pointing out that Class Counsel's Application was devoid of (i) any contemporaneous time records that would support an evaluation of whether the requested attorneys' fees were fair and reasonable; (ii)  any basis for the claimed hourly rates; and (iii) any support for the claimed costs. (Docket No. 293).   In response, Class Counsel filed a reply brief that again failed to submit contemporaneous time records, but provided a table that, at best, somewhat broke down the categories of fees.  (Docket Nos. 295, 296).

At the Final Settlement Approval hearing on September 19, 2008, the Court found merit in Engan/NASI's objections, noting the hours claimed by Class Counsel in preparing for an

attending the oral argument were excessive and inflated, as were the hours claimed for preparation of the amended complaints.  In its subsequent order, the Court specifically noted the lack of detail in Class Counsel's fee application, which was the principle basis of the Engan/NASI objection.  (Docket No. 305 at 8:26-9:1(fee application did not "reveal what the attorneys *did* to justify the large number of hours they billed," making it "impossible for the Court to gauge the reasonableness of the figures submitted." (original emphasis)).  The Court also agreed with the Engan/NASI objection to Class Counsel's failure to justify the claimed hourly rate.  (Id. at 9:21-10:1 (finding the claimed rates for "not reasonable," and noting lack of justification for paralegal rates "68% above the market rate.")).  Indeed, the Court agreed with Engan and NASI that Class Counsel's bills were likely padded.  (Id. at 9:13-20 (finding the amount of time Class Counsel claimed for preparation for the hearing was "unreasonable," and "leading the court to believe that these time records have been substantially padded")).  At bottom, the Court recognized the merit in the Engan/NASI objections, and "sympathize[d] with objectors' concerns."  (Docket No. 305 at 10:2).

While the Court nevertheless granted Class Counsel's 20 percent fee request, it calculated the percentage from the net settlement fund thereby reducing the fee award by $16,468.65.  (Docket No. 305 at 10:12-23).   In sum, Engan and NASI conferred a procedural and modest monetary benefit to the class and the Court should award them reasonable attorneys' fees and costs in objecting to the fee application.  Indeed, such a fees and costs award is particularly appropriate because the Court would otherwise have been without the benefit of a meaningful adversarial process in analyzing Class Counsel's fee application here.  Should the Court desire to spare the settlement fund Engan's and NASI's fees and costs, it may deduct the awarded amount from Class Counsel's award.  Shaw v. Toshiba Am. Info. Sys. Inc., 91 F. Supp. 2d 942, 974

(E.D. Tex. 2000) (requiring class counsel's payment of objector's counsel fees so that class recovery is left unchanged).

<u>CONCLUSION</u>

For the foregoing reasons, Engan and NASI respectfully request that the Court award Engan and NASI $32,578.43 in reasonable fees and $722.98 in costs for a total requested award of $33,301.41.

Dated:  October 14, 2008                              Respectfully submitted,


                                                      ___/s/ Irwin B. Schwartz_____
                                                      Irwin B. Schwartz
                                                      John V. Komar

                                                      Counsel for Objectors Natasha L. Engan and
                                                      National Automatic Sprinkler Industry Pension
                                                      Fund