**E-FILED on** 11/21/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC., SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | No. C-03-05421 RMW<br><br>ORDER DENYING OBJECTORS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES<br><br>**[Re Docket Nos. 307-312]** |

    The law firm of Business Litigation Associates, P.C. ("BLAPC"), attorneys for objecting class members Natasha L. Engan ("Engan") and National Automatic Sprinkler Industry Pension Fund ("NASI") (collectively "Objectors"), moves for an award of attorneys' fees and reimbursement of expenses incurred in objecting to the fee application of plaintiffs' class counsel ("Class Counsel"). Class Counsel oppose the motion and defendants have filed a notice of non-opposition. The court has reviewed the briefs and considered the arguments of counsel. For the reasons set forth below, the court denies the objectors' motion.

## I. BACKGROUND

Objectors request attorneys' fees and costs in connection with their participation in the settlement of the above-entitled class action alleging violations of the federal securities laws. The proposed settlement agreement provided for payment to Class Counsel of 20% of the $2.3 million settlement common fund. The court issued an Order for Notice and Settlement Fairness Hearing ("Notice") on May 1, 2008, preliminarily approving the proposed settlement and scheduling a fairness hearing. Docket No. 276. Within the Notice, the court required the filing of any objection to the settlement, including objections to the request for attorneys' fees, by no later than 14 days before the fairness hearing. *Id.* However, the Notice permitted Class Counsel to file its attorneys' fees application only seven days before the hearing. *Id.*

On July 3, 2008, settlement class member Engan filed an objection to the Notice contending it violated the plaintiff class's due process rights because it required objections to the attorneys' fees application before the application was filed. Docket No. 279. On July 14, 2008, the court issued a memorandum agreeing that "[a]n objector should not have to object to specifics, e.g., the amount of attorney's fees, prior to seeing how those fees are computed and supported" and set a separate briefing schedule on Class Counsel's application for attorneys' fees that allowed class members time to object. Docket No. 286.

On August 8, 2008, Engan and NASI filed a second objection to the fee request noting the absence of supporting detail for Class Counsel's fee request. Docket No. 293. Class Counsel responded by submitting additional detail about its billings. Docket Nos. 295, 296. At the hearing on Class Counsel's application for attorneys' fees and in the follow-up order, the court noted that the hours claimed by Class Counsel in preparing for and attending the oral argument seemed excessive and inflated, as were the hours claimed for preparation of the amended complaints. Docket Nos. 304, 305. Despite the inflated lodestar calculation, the court found the 20% fee request reasonable and approved the percentage of funds requested. Docket No. 305. However, the court reduced the requested fee by over $16,000.00 by calculating the fees from the settlement fund net of expenses rather than the requested calculation from the $2.3 million gross settlement fund. *Id.*

Counsel for Engan and NASI now seek attorneys' fees incurred in objecting to Class Counsel's application for attorneys' fees. BLAPC seeks $14,582.08 in attorneys' fees and $46.94 in costs in connection with the due process objection and appearing at the fairness hearing and $17,996.35 in attorneys' fees and $676.04 in costs for preparing the fee objection, appearing at the fee hearing and preparing this application for attorneys' fees. Schwartz Decl. ¶ 6, 8. Objectors argue that payment of the fee is warranted because: (1) they provided a benefit to the class by preserving procedural due process and (2) contributed to the court's consideration of Class Counsel's fee application and its decision to reduce the fee award. Class Counsel object to the awarding of fees and expenses to Objectors arguing that their objections provided little or no benefit to the class and had no influence on the court's decision. Nevertheless, Class Counsel asks that in the event the court awards fees and expenses to Objectors that the court significantly reduce the award that they have requested.

## II. ANALYSIS

Objectors can play a useful and valuable role in providing the court information regarding the fairness, adequacy, and reasonableness of settlements. *See In re Oracle Sec. Litig.*, 131 F.R.D. 688, 689 (N.D. Cal. 1990) (stating that objectors play an important role in giving courts access to information because "in assessing settlements of representative actions, judges no longer have the benefit of the adversarial process"). The role of the objector is particularly important in the evaluation of the reasonableness of attorneys' fee requests by class counsel. *See In re Chiron Corp. Sec. Litig.*, No. C-04-4293 VRW, 2007 WL 4249902, at *4 (N.D. Cal. Nov. 30, 2007) (discussing fundamental problem of common fund cases where adversarial process for determining a fee award is missing and class and class counsel have adverse interests).

Counsel for objectors who confer a benefit upon the class are entitled to an award of reasonable attorneys' fees and expenses. *Wininger v. SI Management L.P.*, 301 F.3d 1115, 1123 (9th Cir. 2002). In order to justify an award of attorneys' fees to an objector in a class action settlement, the objector must "increase the fund or otherwise substantially benefit the class members." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1052 (9th Cir. 2002); *see also In re Veritas Software Corp. Sec. Litig.*, No. C-03-0283 MMC, 2006 WL 463509, at *5 (N.D. Cal. Feb. 24, 2006) (stating

that although motion dismissed on procedural grounds court would not have awarded fees to objections that were overruled and did not result in benefit to the class); *In re Homestore.com, Inc.*, No. CV01-11115 PSWL (CWX), 2004 WL 2792185, at *1 (C.D. Cal. Aug. 10, 2004) (finding that there was a substantial benefit conferred on the class when the objector raised serious questions about the timing of the class notice and as a direct result of the objections the court ordered that the class be re-noticed, which was crucial to the class members' ability to recover money from the general fund).

The "substantial benefit" need not be financial. *See Mills v. Electric Auto-Lite Co.*, 396 U.S. 375, 392 (1970). However, if an objector's actions have not produced a monetary benefit for the class, the court must carefully scrutinize the benefits conferred to determine whether the objector has conferred more than a technical or coincidental benefit. *See Fleury v. Richemont North America*, No. C-05-4525 EMC, 2008 WL 4829868 (N.D. Cal. Nov. 4, 2008); *Mills*, 396 U.S. at 396. Courts have generally taken special care when awarding fees to an objector where no monetary benefit has been provided to the class. *See Polonski v. Trump Taj Mahal Assocs.*, 137 F.3d 139, 147 (3rd Cir. 1999) (stating that a "substantial service is typically one that not only corrects an abuse prejudicial to an essential right, but also impacts the future conduct of the defendant's affairs").

Here, there is a dispute whether the settlement was substantially enhanced by the efforts of the objectors. Objectors contend that they provided a substantial benefit because: (1) their due process objections resulted in the modification of the Notice by allowing additional time for the class to object to Class Counsel's application for fees and expenses; (2) their fee objections brought the lack of detail and lodestar inflation in Class Counsel's fee application to the court's attention, which may have resulted in a modest monetary benefit to the class; and (3) their objections helped make the settlement a truly adversarial proceeding. Class Counsel contends these actions did not provide a *substantial* benefit to the class.

The court finds the objectors provided some – though not a major or substantial – benefit to the class. It is true that the court ultimately rejected the objectors' argument against the award of attorneys' fees to class counsel and that their objections had a negligible impact on the amount of the fund. Further, the objections that the court agreed with only provided a procedural benefit to the

examination of the fees requested and the schedule was set by the court originally (although as stipulated by the parties). Nevertheless, the court recognizes that the objections were meritorious and provided the court with some benefit. In addition, Engan and NASI's objections to the lack of meaningful support for the requested fees and costs in Class Counsel's fee application created, to some extent, a benefit to the class because it raised valid questions about Class Counsel's sufficiency of information required by law in preparing the fee application. However, the test is not whether the objections were meritorious or whether they helped the court in some way, but whether they conferred a "substantial benefit" on the class or contributed to the common fund. In this case, given the relative modesty of the contingent fee percentage requested by Class Counsel, the objections did not confer a substantial benefit on its class or contribution to the common fund.

### III. ORDER

For the reasons set forth above, the court denies Objectors' motion for attorneys' fees and expenses.

DATED: 11/21/2008

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

| | |
|---|---|
| Michael M. Goldberg | info@glancylaw.com |
| Laurence D. King | lking@kaplanfox.com |
| Linda M. Fong | lfong@kaplanfox.com |
| Patrick J. Coughlin | patc@mwbhl.com |
| Darren J. Robbins | drobbins@mwbhl.com |
| William S. Lerach | billl@mwbhl.com |
| Kimberly C. Epstein | kimcor@mwbhl.com |
| Luke O. Brooks | lukeb@mwbhl.com |
| Nicole Catherine Lavallee | nlavallee@bermanesq.com |
| Julie Juhyun Bai | jbai@bermanesq.com |
| Solomon B. Cera | scera@gbcslaw.com |
| Gwendolyn R. Giblin | ggiblin@gbcslaw.com |
| Matthew K. Handley | mhandley@cmht.com |
| Christopher T. Heffelfinger | cheffelfinger@bermanesq.com |
| David Avi Rosenfeld, Esq | drosenfeld@geller-rudman.com |
| Samuel H. Rudman | srudman@csgrr.com |
| Christopher Paul Seefer | chriss@csgrr.com |

**Counsel for Defendants:**

| | |
|---|---|
| Daniel W. Turbow | dturbow@wsgr.com |
| Kassra Powell Nassiri | knassiri@wsgr.com |
| Leo Patrick Cunningham | lcunningham@wsgr.com |
| Joni L. Ostler | jostler@wsgr.com |

**Counsel for Objectors, Natasha Engan and National Automatic Sprinkler Industry Pension Fund:**

| | |
|---|---|
| John Vincent Komar | jkomar@business-litigation-associates.com |
| Irwin Bennet Schwartz | ischwartz@business-litigation-associates.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 11/21/2008

TSF
**Chambers of Judge Whyte**

ORDER DENYING OBJECTORS' MOTION FOR ATTORNEY FEES—No. C-03-05421 RMW
ANK                                6