Joseph J. Tabacco, Jr. (75484)
Christopher T. Heffelfinger (118058)
Nicole Lavallee (165755)
Julie J. Bai (227047)
**BERMAN DEVALERIO**
425 California Street, Suite 2100
San Francisco, CA  94104-2205
Telephone: (415) 433-3200
Facsimile:  (415) 433-6382
Email:  nlavallee@bermanesq.com

*Liaison Counsel for the Class*

Steven J. Toll (admitted *pro hac vice*)
Matthew K. Handley (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, D.C.  20005
Telephone:  (202) 408-4600
Facsimile:   (202) 408-4699
Email:  stoll@cohenmilstein.com

*Lead Counsel for the Class*

E-Filed 12/31/09

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re LEAPFROG ENTERPRISES, INC. SECURITIES LITIGATION | No. C-03-05421(RMW) And Related Cases |
| This Document Relates To:  All Actions | [PROPOSED] ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND |

1     **WHEREAS**, on September 29, 2008, this Court entered an Order and Final Judgment
2 approving the terms of the Stipulation of Settlement dated April 18, 2008 (the "Stipulation") and the
3 Plan of Allocation; and

4     **WHEREAS**, this Court has directed the parties to consummate the terms of the Stipulation
5 and the Plan of Allocation; and

6     **WHEREAS**, this Court has retained jurisdiction of the above-captioned action (the
7 "Action") for the purpose of considering any further application or matter which may arise in
8 connection with the administration and execution of the Settlement and the processing of Proofs of
9 Claim ("Proofs of Claim") and the distribution of the Net Settlement Fund to the Authorized
10 Claimants.

11     **NOW, THEREFORE**, upon reading and filing the Declaration of Jennifer M. Keough of
12 Garden City Group, the Claims Administrator, and the accompanying memorandum of law, and
13 upon all prior proceedings herein and after due deliberation, it is hereby:

14     **ORDERED**, that the administrative determinations of the Claims Administrator accepting
15 the claims as indicated on the computer printout of accepted claims submitted with and described in
16 the Declaration of Jennifer M. Keough, including claims submitted after February 9, 2009 through
17 and including August 3, 2009, be and the same hereby are approved, and said claims are hereby
18 accepted; and it is further

19     **ORDERED**, that the administrative determinations of the Claims Administrator rejecting the
20 claims as indicated on the computer printout of rejected claims submitted with and described in the
21 Declaration of Jennifer M. Keough be and the same hereby are approved, and said claims are hereby
22 rejected; and it is further

23     **ORDERED**, that Garden City Group be paid the sum of $341,288.65 from the Settlement
24 Fund and the interest accrued thereon for the balance of its fees and expenses incurred and to be
25 incurred in connection with the services performed and to be performed in giving notice to the Class,
26 preparing tax returns for the Settlement Fund, processing the Proofs of Claim, and administering and
27 distributing the Settlement Fund; and it is further

28

1 **ORDERED**, that the balance of the Settlement Fund and interest accrued thereon after
2 deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be
3 distributed to the eligible claimants listed on the computer printout submitted with the Declaration of
4 Jennifer M. Keough in proportion to the Recognized Claim allocated to each such eligible claimant
5 as shown on such printout; and it is further

6 **ORDERED**, that the payments to be distributed to the Authorized Claimants shall bear the
7 notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS
8 AFTER ISSUE DATE." Class Counsel and the Claims Administrator are authorized to take
9 appropriate action to locate and/or contact any eligible claimant who has not cashed his, her or its
10 distribution within said time; and it is further

11 **ORDERED**, that the costs of such services to locate and reissue payments to such
12 Authorized Claimants shall be payable from the unclaimed/un-cashed monies remaining in the Net
13 Settlement Fund; and it is further

14 **ORDERED**, that, as provided in the Stipulation, after the Claims Administrator has made
15 reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the
16 distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in
17 the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (a)
18 first to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or
19 to pay any late, but otherwise valid and fully documented claims received after the cut-off date used
20 to make the initial distribution, which were not previously authorized by the Court to be paid,
21 provided that such distributions to any late post-distribution claimants meet all of the other criteria
22 for inclusion in the initial distribution, including the $10.00 minimum check amount set out in the
23 Notice, (b) second to pay any additional settlement administration fees and expenses, including those
24 of Lead Counsel as may be approved by the Court, and (c) finally, to make a second distribution to
25 Authorized Claimants who cashed their checks from the initial distribution and who would receive at
26 least $10.00 from such second distribution, after payment of the estimated costs or fees to be
27 incurred in administering the Net Settlement Fund and in making this second distribution, if Lead
28 Counsel determines that such second distribution is economically feasible. If after six (6) months

1  after such second distribution, if undertaken, or if such second distribution is not undertaken, any
2  funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable
3  and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement
4  cash their checks, the Claims Administrator shall donate any funds remaining in the Net Settlement
5  Fund to a 503(c) charity chosen by Lead Counsel and approved by the Court; and it is further

6  **ORDERED**, that all persons involved in the review, verification, calculation, tabulation, or
7  any other aspect of the processing of the claims submitted herein, or otherwise involved in the
8  administration or taxation of the Settlement Fund or the Net Settlement Fund are released and
9  discharged from any and all claims arising out of such involvement, and all Class Members, whether
10 or not they are to receive payment from the Net Settlement Fund, are barred from making any further
11 claim against the Net Settlement Fund or the released persons beyond the amount allocated to them
12 pursuant to this Order, and it is further

13 **ORDERED**, that the Claims Administrator is hereby authorized to discard paper or hard
14 copies of the Proofs of Claim and supporting documents not less than one year after the initial
15 distribution of the Net Settlement Fund to the eligible claimants and electronic or magnetic media
16 data not less than three years after the initial distribution of the Net Settlement Fund to the eligible
17 claimants; and it is further

18 **ORDERED**, that no claim submitted after August 3, 2009 may be accepted for any reason
19 whatsoever; and it is further

20 **ORDERED**, that this Court retain jurisdiction over any further application or matter which
21 may arise in connection with this Action.

22

23 Dated:    12/21/09

24                                                                *Ronald M. Whyte*
25                                                                **THE HONORABLE RONALD M. WHYTE**
                                                                  **UNITED STATES DISTRICT JUDGE**
26

27

28